# EXHIBIT 2

C-3037-22-I

# Cause No.: _____

| | | |
|---|---|---|
| Cynthia Banda, as Representative § | | |
| of the Estate of Melissa Banda, and § | | In the District Court of |
| as Next Friend of Elizabeth Ford, § | | |
| Kimberly Ford, and Richard Ford, III, § | | |
| *Plaintiffs*, § | | |
| § | | |
| vs. § | | _____ Judicial District |
| § | | |
| City of McAllen, Texas, and City of § | | |
| McAllen Police Department, § | | |
| *Defendants*. § | | Hidalgo County, Texas |

### Plaintiffs' Original Petition

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **CYNTHIA BANDA, AS REPRESENTATIVE OF THE ESTATE OF MELISSA BANDA, AND AS NEXT FRIEND OF ELIZABETH FORD, KIMBERLY FORD, AND RICHARD FORD, III**, Plaintiffs, complaining of **CITY OF MCALLEN, TEXAS**, and **CITY OF MCALLEN POLICE DEPARTMENT**, Defendants, and for cause of action would show the Court as follows:

### I. Discovery Control Plan (Level 3)

Plaintiffs intend that discovery be conducted under Discovery Control Plan (Level 3). Tex. R. Civ. P. 190.4.

### II. Parties and Service

Plaintiff **CYNTHIA BANDA** is the temporary managing sole managing conservator of the minor children, **ELIZABETH FORD, KIMBERLY FORD, AND RICHARD FORD, III**, and a resident of Hidalgo County, Texas.

Decedent **MELISSA BANDA** was a resident of Hidalgo County, Texas.

**C-3037-22-I**

Plaintiff **ELIZABETH FORD** is a minor, **MELISSA BANDA**'s child, heir of the estate of **MELISSA BANDA**, and a resident of Hidalgo County, Texas.

Plaintiff **KIMBERLY FORD** is a minor, **MELISSA BANDA**'s child, heir of the estate of **MELISSA BANDA**, and a resident of Hidalgo County, Texas.

Plaintiff **RICHARD FORD, III** is a minor, **MELISSA BANDA**'s child, heir of the estate of **MELISSA BANDA**, and a resident of Hidalgo County, Texas.

Defendant **CITY OF MCALLEN, TEXAS** (hereinafter "**CITY OF MCALLEN**") is a municipality located within the boundaries of Hidalgo County, Texas and may be served by serving its mayor, Javier Villalobos, or its city manager, Roel Roy Rodriguez, at 1300 Houston Ave., McAllen, Texas 78501.

Defendant **CITY OF MCALLEN POLICE DEPARTMENT** (hereinafter "**CITY OF MCALLEN**") is an agency of a municipality of the State of Texas and may be served by serving its police chief, Chief Victor Rodriguez, at 1601 N. Bicentennial Blvd., McAllen, Texas.

### III. Jurisdiction and Venue

The subject matter in controversy is within the jurisdictional limits of this Court.

This Court has jurisdiction over the parties because Defendant is a Texas resident.

Venue is proper in Hidalgo County, Texas under Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code in that Hidalgo County was the County in which all or a substantial part of the events or omissions giving rise to the claim occurred. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1) (West 2022).

The damages sought are within the jurisdictional limits of the Court.

Plaintiffs seek monetary relief in the alternative as set forth at Rule 47(c)(1)-(5) of the

Case 7:23-cv-00341 Document 1-3 Filed on 10/05/23 in TXSD Page 4 of 12

Electronically Filed
8/5/2022 5:29 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3037-22-I

Texas Rules of Civil Procedure. Plaintiffs further demand judgment for all other relief to which they deem themselves entitled.

## IV. Tolling of Limitations

Plaintiffs would show that the Supreme Court of Texas has issued one or more Orders that have tolled limitations in this case.

In Misc. Docket No. 20-9051, the Supreme Court of Texas issued its Eighth Emergency Order Regarding the Covid-19 State of Disaster. At ¶3, the Order in relevant part states: "Any deadline for the filing or service of any civil case is tolled from March 13, 2020, until June 1, 2020, unless extended by the Chief Justice of the Supreme Court."

In Misc. Docket No. 20-9059, the Supreme Court of Texas issued its Twelfth Emergency Order Regarding the Covid-19 State of Disaster. At ¶5, the Order in relevant part states: "Any deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and June 1, 2020, is extended until July 15, 2020."

In Misc. Docket No. 20-9080, the Supreme Court of Texas issued its Eighteenth Emergency Order Regarding the Covid-19 State of Disaster. At ¶11, the Order in relevant part states: "Any deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and August 1, 2020, is extended until September 15, 2020."

Minor Plaintiffs assert the tolling provisions of Section 16.001 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 16.001 (West 2022).

Plaintiffs assert the discovery rule.

Plaintiffs assert the relation-back doctrine as to subsequent amendments of pleadings. See Tex. Civ. Prac. & Rem. Code Ann. §16.068 (West 2022).

Case 7:23-cv-00341   Document 1-3   Filed on 10/05/23 in TXSD   Page 5 of 12

Electronically Filed
8/5/2022 5:29 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3037-22-I

## V. Factual Facts

Minor Plaintiffs **ELIZABETH FORD**, **KIMBERLY FORD**, and **RICHARD FORD, III** are the children of **MELISSA BANDA**, Decedent, and Richard Ford, Jr.

On the morning of August 6, 2020, a court hearing involving **MELISSA BANDA** and Richard Ford, Jr. was conducted. Just hours later, as she arrived to her home, Richard Ford, Jr. pulled up, approached **MELISSA BANDA** from behind, forcefully grabbed her, and covered her mouth as she began to kick and scream. Richard Ford, Jr. wrestled **MELISSA BANDA** into the back of a white SUV. Hearing her screams, **BANDA**'s nanny and neighbors immediately called the authorities and explained that Richard Ford, Jr. had kidnapped **MELISSA BANDA**.

The next day, on August 7, 2020, **MELISSA BANDA** was reported as a missing person by the **MCALLEN POLICE DEPARTMENT** and Richard Ford, Jr. was reported as a suspect. Later that day, Richard Ford, Jr. was located at South Padre Island beach and arrested.

Richard Ford, Jr. had a history of causing injury to **MELISSA BANDA**, and thereby, her children, Minor Plaintiffs **ELIZABETH FORD**, **KIMBERLY FORD**, and **RICHARD FORD, III**, prior to the fateful event on August 6, 2020. On or about November 7, 2019, **MELISSA BANDA** filed for a divorce from, and obtained temporary restraining orders against, Richard Ford, Jr. On or about November 21, 2019, **MELISSA BANDA** called the **MCALLEN POLICE DEPARTMENT** for protection from Richard Ford, Jr. because Richard Ford, Jr. was on his way to her home after arriving at the airport where he was served with the papers concerning the divorce and with temporary orders. On or about February 28, 2020, Richard Ford, Jr. assaulted Plaintiff **MELISSA BANDA** by choking her and impeding her breathing. On or around this same date, Richard Ford, Jr. threatened **BANDA** by stating that he would harm Minor Plaintiffs

**C-3037-22-I**

**ELIZABETH FORD**, **KIMBERLY FORD**, and **RICHARD FORD, III** if **BANDA** reported the assault. **MELISSA BANDA**, believing that they could protect her, nevertheless reported the incident to the **MCALLEN POLICE DEPARTMENT**. Richard Ford, Jr. was arrested on or about February 29, 2020, but Richard Ford, Jr. was released the next day on or about March 1, 2020.

On or about February 29, 2020, Plaintiff **MELISSA BANDA** applied for and obtained an order for emergency protection against Richard Ford, Jr. issued by Judge Aliseda of **CITY OF MCALLEN**. On or about March 26, 2020, **MELISSA BANDA** obtained a temporary protective order against Richard Ford, Jr. issued by Judge Singleterry of the 92nd District Court of Texas, Hidalgo County. On or about April 7, 2020, their divorce was finalized after a hearing on March 11, 2020, wherein Richard Ford, Jr. was allowed supervised visitation of Minor Plaintiffs **ELIZABETH FORD**, **KIMBERLY FORD**, and **RICHARD FORD, III** and ordered to take anger management courses. On or about April 15, 2020, Richard Ford, Jr. filed a motion to modify the divorce decree. On April 27, 2020, **MELISSA BANDA**'s attorney filed a motion opposing the motion to modify the terms. A hearing was set for August 6, 2020, to determine whether the terms would be modified ("the modification hearing").

Notwithstanding the orders in place, Richard Ford, Jr. continued to threaten, assault, and, eventually, kidnap and murder, **MELISSA BANDA**. A **MCALLEN POLICE DEPARTMENT** incident report indicates that Richard Ford, Jr. violated the protective order on April 18, 2020.

On or about June 8, 2020, **MELISSA BANDA** called the **MCALLEN POLICE DEPARTMENT** to report that Richard Ford, Jr. was stalking her by following her to and watching her while she visited Gold's Gym in McAllen.

Case 7:23-cv-00341   Document 1-3   Filed on 10/05/23 in TXSD   Page 7 of 12

Electronically Filed
8/5/2022 5:29 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3037-22-I

On or about June 30, 2020, **MELISSA BANDA** called the **MCALLEN POLICE DEPARTMENT** to advise them that Richard Ford, Jr. had, again, violated the protective order.

On July 7, 2020, **MELISSA BANDA** called the **MCALLEN POLICE DEPARTMENT** to advise them that she suspected Richard Ford, Jr. of appropriating her image or likeness on a website offering "service from a female" resulting in **MELISSA BANDA** receiving text messages to this effect.

On or about July 8, 2020, **MELISSA BANDA** called the **MCALLEN POLICE DEPARTMENT** to report that she suspected Richard Ford, Jr. was stalking her and possibly placing a tracking device on her vehicle.

On or about July 18, 2020, **MELISSA BANDA** called the **MCALLEN POLICE DEPARTMENT** to advise them that Richard Ford, Jr. had, yet again, violated the protective order.

Again on or about July 20, 2020, **MELISSA BANDA** reported to the **MCALLEN POLICE DEPARTMENT** that she suspected Richard Ford, Jr. of impersonating her online.

On August 5, 2020, the day before the modification hearing, **MELISSA BANDA** called the **MCALLEN POLICE DEPARTMENT** informing them that Richard Ford, Jr. had likely taken a vehicle from the home.[1]

Under state law, the primary duties of police officers include enforcing state law, enforcing protective orders and protecting any victim of family violence. **CITY OF MCALLEN**

---

[1] These incidents are based on the limited reports that the **MCALLEN POLICE DEPARTMENT** provided to Plaintiff **CYNTHIA BANDA**. Upon information and belief, there are even more violations of the protective order by Defendant **FORD** and more calls by Plaintiff **BANDA** to the **MCALLEN POLICE DEPARTMENT** concerning Defendant **FORD**.

Case 7:23-cv-00341   Document 1-3   Filed on 10/05/23 in TXSD   Page 8 of 12

Electronically Filed
8/5/2022 5:29 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3037-22-I

violated these duties through the failure to enforce the protective order that **MELISSA BANDA** had against Richard Ford, Jr., arrest and jail Richard Ford, Jr. and protect **MELISSA BANDA** from family violence. Further, upon information and belief, **CITY OF MCALLEN** failed to follow its own policies with respect to the protective order and the repeated violations of the protective order by Richard Ford, Jr.

After the modification hearing, the kidnapping, and after Richard Ford, Jr. had been arrested on August 7, 2020, in the wee hours of August 8, 2020, **MELISSA BANDA**'s body was found in the bushes off of the side of a rural road in Donna, Texas. **BANDA**'s throat had been slit and the cause of **BANDA**'s death was determined to be from a "incised wound to the neck."

Richard Ford, Jr. was eventually charged with capital murder by terroristic threat in the course of aggravated kidnapping; assault on a family member by impeding breath or circulation; violation of a protective order involving stalking; and stalking.

## VI. Claims

Under Rule 48 of the Texas Rules of Civil Procedure, the following claims are alleged jointly and/or alternatively, with consistent and/or inconsistent facts and remedies. The claims are as follows:

A.  **Wrongful Death Claim Pursuant to Subchapter A, Chapter 71 of the Texas Civil Practice & Remedies Code**

This claim for damages pursuant to Section 71.002 of the Texas Civil Practice & Remedies Code, resulting from the wrongful death of **MELISSA BANDA**, Decedent, is brought forth by her sister, **CYNTHIA BANDA,** who is the representative of the **ESTATE OF MELISSA BANDA**, and who is also the next friend of Minor Plaintiffs **ELIZABETH FORD**,

**C-3037-22-I**

**KIMBERLY FORD**, and **RICHARD FORD, III,** who are the children of **MELISSA BANDA** and her heirs, entitled to bring suit under Section 71.004 of the Texas Civil Practice & Remedies Code, and is based upon the facts and legal theories more fully set out herein.

At the time of death, **MELISSA BANDA**, Decedent, was 37 years old. She was in reasonably good health with a normal life expectancy. **MELISSA BANDA** provided to **ELIZABETH FORD**, **KIMBERLY FORD**, and **RICHARD FORD, III** love, care, maintenance, support, services, advice, counsel, reasonable contributions of a pecuniary nature, comfort, companionship, and society in the past and in reasonable probability in the future. **ELIZABETH FORD**, **KIMBERLY FORD**, and **RICHARD FORD, III** have suffered mental anguish, emotional pain, torment, and suffering as a result of the wrongful death of their mother.

As a result of the wrongful death of **MELISSA BANDA**, Minor Plaintiffs **ELIZABETH FORD**, **KIMBERLY FORD**, and **RICHARD FORD, III** have suffered damages, including pecuniary loss sustained in the past, pecuniary loss that, in reasonable probability, will be sustained in the future, loss of companionship and society sustained in the past, loss of companionship and society that, in reasonable probability, will be sustained in the future, mental anguish sustained in the past, and mental anguish that, in reasonable probability, will be sustained in the future and loss of inheritance in an amount within the jurisdictional limits of the Court. Plaintiffs seek damages within the jurisdictional limits of the Court.

**B.**     **Survival Claim Pursuant to Subchapter B, Chapter 71 of the Texas Civil Practice & Remedies Code**

This claim for damages resulting from the death of **MELISSA BANDA**, Decedent, is brought forth by her sister, **CYNTHIA BANDA,** who is the representative of the **ESTATE OF**

**C-3037-22-I**

**MELISSA BANDA**, and who is also the next friend of Minor Plaintiffs **ELIZABETH FORD**, **KIMBERLY FORD**, and **RICHARD FORD, III,** who are the children of **MELISSA BANDA**. They are the only heirs.

Plaintiffs bring this survival action pursuant to Section 71.021 of the Texas Civil Practice & Remedies Code because **MELISSA BANDA** suffered personal injury, and is based upon the facts and legal theories more fully set out herein.

Plaintiffs seek damages for the mental anguish, emotional pain, torment, and suffering that **MELISSA BANDA**, Decedent, suffered prior to her death and for reasonable and necessary medical, funeral and burial expenses, if any, which were reasonably incurred because of such wrongful death. Plaintiffs seek damages within the jurisdictional limits of the Court.

C.  **Texas Tort Claims Act Claim**

**CITY OF MCALLEN** had actual notice of Plaintiffs' claims and injuries from the date of the incident due to its own investigation. Actual notice satisfies the statutory prerequisites of Section 101.101 of the Texas Tort Claims Act. Further, written notice was provided on or about February 4, 2021, by the undersigned counsel.

**CITY OF MCALLEN** is liable to Plaintiffs for personal injuries and death which arose from the negligent condition or use of tangible personal property. The negligent use of the property was a producing cause of the injuries described herein. **CITY OF MCALLEN** is liable for these injuries.

**CITY OF MCALLEN**, through its employees, acted negligently and wrongfully in carrying out **CITY OF MCALLEN** policies. **CITY OF MCALLEN**'s negligence, wrongful acts and omissions were the proximate cause of Plaintiffs' injuries. **CITY OF MCALLEN** is

C-3037-22-I

liable for these injuries.

**CITY OF MCALLEN** is liable to Plaintiffs for injuries sustained for **CITY OF MCALLEN**'s negligent implementation and/or in the alternative, failure to implement policies with respect to its employees which caused harm to Plaintiffs. Plaintiffs would show that **CITY OF MCALLEN** negligently implemented or failed to implement policies regarding arresting individuals that violated protective orders and enforcement of protective orders. The failure to implement the above policies and/or negligent implementation of these policies is the producing cause of the injuries described herein.

D.   **Reservation of the Right to Bring Additional Claims**

Plaintiffs reserve the right to bring such other and further claims as they deem necessary.

## VII. Jury Demand

Plaintiffs demand a trial by jury and hereby tender the appropriate fee.

## VIII. Prayer

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs **CYNTHIA BANDA, AS REPRESENTATIVE OF THE ESTATE OF MELISSA BANDA, AND AS NEXT FRIEND OF ELIZABETH FORD, KIMBERLY FORD, AND RICHARD FORD, III** pray that Defendants **CITY OF MCALLEN, TEXAS** and **CITY OF MCALLEN POLICE DEPARTMENT** be cited to appear and answer herein, and that on final trial, Plaintiffs have the following:

1.   Judgment against Defendants for a sum in excess of the minimum jurisdictional limits of this Court;

2.   the Court award Plaintiffs all costs of suit and fees;

Case 7:23-cv-00341   Document 1-3   Filed on 10/05/23 in TXSD   Page 12 of 12

Electronically Filed
8/5/2022 5:29 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3037-22-I

3. the Court award all damages allowed under Plaintiff's statutory causes of action;

4. the Court award any pre-Judgment and post-judgment interest as provided by law; and

5. the Court award any and all other and further relief to which Plaintiffs may be justly entitled.

>Respectfully submitted,
>
>DALE & KLEIN, L.L.P.
>1100 E. Jasmine, Ste. 202
>McAllen, Texas 78501
>Telephone No. 956.687.8700
>Facsimile No. 956. 687.2416
>office@daleklein.com
>
>/s/ *Katie P. Klein*
>KATIE P. KLEIN
>State Bar No. 11561900
>WILLIAM D. MOUNT, JR.
>State Bar No. 14602950
>***Attorneys for Plaintiffs***

Dated: August 5, 2022