# EXHIBIT 33

Cause No.: C-3037-22-M

| | | |
|---|---|---|
| Cynthia Banda, as Representative | § | In The District Court of |
| of the Estate of Melissa Banda | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | 476th Judicial District |
| | § | |
| City of McAllen, Texas, | § | |
| *Defendant* | § | Hidalgo County, Texas |

## Plaintiff's Third Amended Petition

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **CYNTHIA BANDA, AS REPRESENTATIVE OF THE ESTATE OF MELISSA BANDA,** Plaintiff, complaining of **CITY OF MCALLEN, TEXAS**, Defendant, and for cause of action would show the Court as follows:

## I. Discovery Control Plan (Level 3)

Plaintiffs intend that discovery be conducted under Discovery Control Plan (Level 3). Tex. R. Civ. P. 190.4.

## II. Parties and Service

Plaintiff **CYNTHIA BANDA** is the Representative of the Estate of Melissa Banda and a resident of Hidalgo County, Texas.

Decedent **MELISSA BANDA** was a resident of Hidalgo County, Texas.

Defendant **CITY OF MCALLEN, TEXAS** (hereinafter "**CITY OF MCALLEN or CITY OF MCALLEN POLICE DEPARTMENT**") is a municipality located within the boundaries of Hidalgo County, Texas. Defendant has made an appearance herein.

### III. <u>Jurisdiction and Venue</u>

The subject matter in controversy is within the jurisdictional limits of this Court.

This Court has jurisdiction over the parties because Defendant is a Texas municipality.

Venue is proper in Hidalgo County, Texas under Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code in that Hidalgo County was the County in which all or a substantial part of the events or omissions giving rise to the claim occurred. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1).

The damages sought are within the jurisdictional limits of the Court.

Plaintiff seeks monetary relief in the alternative as set forth at Rule 47(c)(1)-(5) of the Texas Rules of Civil Procedure. Plaintiff further demands judgment for all other relief to which she deems herself entitled.

### IV. <u>Tolling of Limitations</u>

Plaintiff would show that the Supreme Court of Texas has issued one or more Orders that have tolled limitations in this case.

In Misc. Docket No. 20-9051, the Supreme Court of Texas issued its Eighth Emergency Order Regarding the Covid-19 State of Disaster. At ¶3, the Order in relevant part states: "Any deadline for the filing or service of any civil case is tolled from March 13, 2020, until June 1, 2020, unless extended by the Chief Justice of the Supreme Court."

In Misc. Docket No. 20-9059, the Supreme Court of Texas issued its Twelfth Emergency Order Regarding the Covid-19 State of Disaster. At ¶5, the Order in relevant part states: "Any deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and June 1, 2020, is extended until July 15, 2020."

In Misc. Docket No. 20-9080, the Supreme Court of Texas issued its Eighteenth Emergency Order Regarding the Covid-19 State of Disaster. At ¶11, the Order in relevant part states: "Any deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and August 1, 2020, is extended until September 15, 2020."

Plaintiff asserts the discovery rule.

Plaintiff asserts the relation-back doctrine as to subsequent amendments of pleadings. See Tex. Civ. Prac. & Rem. Code Ann. §16.068.

## V. <u>General Allegations</u>

On the morning of August 6, 2020, a court hearing involving **MELISSA BANDA** and Richard Ford, Jr. was conducted. Just hours later, as she arrived to her home, Richard Ford, Jr. pulled up, approached **MELISSA BANDA** from behind, forcefully grabbed her, and covered her mouth as she began to kick and scream. Richard Ford, Jr. wrestled **MELISSA BANDA** into the back of a white SUV. Hearing her screams, **MELISSA BANDA**'s nanny and neighbors immediately called the authorities and explained that Richard Ford, Jr. had kidnapped **MELISSA BANDA**.

The next day, on August 7, 2020, **MELISSA BANDA** was reported as a missing person by the **CITY OF MCALLEN POLICE DEPARTMENT** and Richard Ford, Jr. was reported as a suspect. Later that day, Richard Ford, Jr. was located at South Padre Island beach and arrested.

Richard Ford, Jr. had a history of causing injury to **MELISSA BANDA**, prior to the fateful event on August 6, 2020. On or about November 7, 2019, **MELISSA BANDA** filed for a divorce from, and obtained temporary restraining orders against, Richard Ford, Jr. On or about November 21, 2019, **MELISSA BANDA** called the **CITY OF MCALLEN POLICE**

**DEPARTMENT** for protection from Richard Ford, Jr. because Richard Ford, Jr. was on his way to her home after arriving at the airport where he was served with the papers concerning the divorce and with temporary orders. On or about February 28, 2020, Richard Ford, Jr. assaulted Plaintiff **MELISSA BANDA** by choking her and impeding her breathing. On or around this same date, Richard Ford, Jr. threatened **MELISSA BANDA** by stating that he would harm the Parties' children if **MELISSA BANDA** reported the assault. **MELISSA BANDA**, believing that they could protect her, nevertheless reported the incident to the **CITY OF MCALLEN POLICE DEPARTMENT**. Richard Ford, Jr. was arrested on or about February 29, 2020, but Richard Ford, Jr. was released the next day on or about March 1, 2020.

On or about February 29, 2020, Plaintiff **MELISSA BANDA** applied for and obtained an order for emergency protection against Richard Ford, Jr. issued by Judge Aliseda of **CITY OF MCALLEN**. On or about March 26, 2020, **MELISSA BANDA** obtained a temporary protective order against Richard Ford, Jr. issued by Judge Singleterry of the 92nd District Court of Texas, Hidalgo County.  On or about April 7, 2020, their divorce was finalized after a hearing on March 11, 2020, wherein Richard Ford, Jr. was allowed supervised visitation of the children and ordered to take anger management courses. On or about April 15, 2020, Richard Ford, Jr. filed a motion to modify the divorce decree. On April 27, 2020, **MELISSA BANDA**'s attorney filed a motion opposing the motion to modify the terms. A hearing was set for August 6, 2020, to determine whether the terms would be modified ("the modification hearing").

Notwithstanding the orders in place, Richard Ford, Jr. continued to threaten, assault, and, eventually, kidnap and murder, **MELISSA BANDA**. A **CITY OF MCALLEN POLICE DEPARTMENT** incident report indicates that Richard Ford, Jr. violated the protective order on

April 18, 2020.

On or about June 8, 2020, **MELISSA BANDA** called the **CITY OF MCALLEN POLICE DEPARTMENT** to report that Richard Ford, Jr. was stalking her by following her to and watching her while she visited Gold's Gym in McAllen.

On or about June 30, 2020, **MELISSA BANDA** called the **CITY OF MCALLEN POLICE DEPARTMENT** to advise them that Richard Ford, Jr. had, again, violated the protective order.

On July 7, 2020, **MELISSA BANDA** called the **CITY OF MCALLEN POLICE DEPARTMENT** to advise them that she suspected Richard Ford, Jr. of appropriating her image or likeness on a website offering "service from a female" resulting in **MELISSA BANDA** receiving text messages to this effect.

On or about July 8, 2020, **MELISSA BANDA** called the **CITY OF MCALLEN POLICE DEPARTMENT** to report that she suspected Richard Ford, Jr. was stalking her and possibly placing a tracking device on her vehicle.

On or about July 18, 2020, **MELISSA BANDA** called the **CITY OF MCALLEN POLICE DEPARTMENT** to advise them that Richard Ford, Jr. had, yet again, violated the protective order.

Again on or about July 20, 2020, **MELISSA BANDA** reported to the **CITY OF MCALLEN POLICE DEPARTMENT** that she suspected Richard Ford, Jr. of impersonating her online.

On August 5, 2020, the day before the modification hearing, **MELISSA BANDA** called the **MCALLEN POLICE DEPARTMENT** informing them that Richard Ford, Jr. had likely

taken a vehicle from the home.[1]

Under state law, the primary duties of police officers include enforcing state law, enforcing protective orders and protecting any victim of family violence. **CITY OF MCALLEN** violated these duties through the failure to enforce the protective order that **MELISSA BANDA** had against Richard Ford, Jr., arrest and jail Richard Ford, Jr. and protect **MELISSA BANDA** from family violence.

After the modification hearing, the kidnapping, and after Richard Ford, Jr. had been arrested on August 7, 2020, in the wee hours of August 8, 2020, **MELISSA BANDA**'s body was found in the bushes off of the side of a rural road in Donna, Texas. **BANDA**'s throat had been slit and the cause of **BANDA**'s death was determined to be from a "incised wound to the neck."

Richard Ford, Jr. was eventually charged with capital murder by terroristic threat in the course of aggravated kidnapping; assault on a family member by impeding breath or circulation; violation of a protective order involving stalking; and stalking.

## VI. Claims

Under Rule 48 of the Texas Rules of Civil Procedure, the following claims are alleged jointly and/or alternatively, with consistent and/or inconsistent facts and remedies. The claims are as follows:

A.   **Survival Claim Pursuant to Subchapter B, Chapter 71 of the Texas Civil Practice & Remedies Code**

Plaintiff incorporates by reference all of the allegations set forth at Section V. above as if

---

[1]These incidents are based on the limited reports that the **CITY OF MCALLEN POLICE DEPARTMENT** provided to Plaintiff **CYNTHIA BANDA**. Upon information and belief, there are even more violations of the protective order by Richard Ford, Jr. and more calls by **MELISSA BANDA** to the **CITY OF MCALLEN POLICE DEPARTMENT** concerning criminal acts of Richard Ford, Jr. against **MELISSA BANDA**.

fully set forth herein.

This claim for damages resulting from the death of **MELISSA BANDA**, Decedent, is brought forth by her sister, **CYNTHIA BANDA**, who is the representative of the **ESTATE OF MELISSA BANDA**.

Plaintiff brings this survival action pursuant to Section 71.021 of the Texas Civil Practice & Remedies Code because **MELISSA BANDA** suffered personal injury, and is based upon the facts and legal theories more fully set out herein.

Plaintiff seeks damages for the mental anguish, emotional pain, torment, and suffering that **MELISSA BANDA**, Decedent, suffered prior to her death and for reasonable and necessary medical, funeral and burial expenses, if any, which were reasonably incurred because of such wrongful death.

**B.      Municipal Liability Claim**

Plaintiff incorporates by reference all of the allegations set forth at Section V. above as if fully set forth herein.

Plaintiff commences this action against **CITY OF MCALLEN, TEXAS** pursuant to 42 U.S.C.A. § 1983 and 1988 and the United States Constitution and its Amendments. Section 1983 provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation under color of law of any rights, privileges or immunities secured by the United States Constitution and laws.

Plaintiff contends that **CITY OF MCALLEN, TEXAS** is liable for the deprivation of **MELISSA BANDA**'s constitutional rights because the deprivation was pursuant to a governmental custom, policy, ordinance, regulation, and/or decision that was unconstitutional

and the deprivation proximately caused **MELISSA BANDA**'s injury.

Plaintiff would show that **MELISSA BANDA** made a number of complaints to **CITY OF MCALLEN POLICE DEPARTMENT** about her former husband, Richard Ford, Jr., violating temporary restraining order(s) and/or protective order(s) and committing criminal acts against her and **CITY OF MCALLEN POLICE DEPARTMENT** failed to respond to the complaints and protect her, thereby causing injury and death to **MELISSA BANDA**.

Plaintiff would show that her Fourteenth Amendment rights were violated, including the right of equal protection.[2]

**MELISSA BANDA** was a 37-year old Latina who repeatedly called the **MCALLEN POLICE DEPARTMENT** to report criminal acts of her ex-husband, Richard Ford, Jr., with whom they had three children together. **MCALLEN POLICE DEPARTMENT** did almost nothing to protect her. Reports were made by **MELISSA BANDA** to **MCALLEN POLICE DEPARTMENT** in April 2020, June 8, 2020, June 30, 2020, July 8, 2020, July 8, 2020, July 18, 2020, July 20, 2020, August 5, 2020, about Richard Ford, Jr. violating temporary restraining order(s) and/or protective order(s) and committing criminal acts against her. **MCALLEN POLICE DEPARTMENT** failed to take action on these reports or protect **MELISSA BANDA**. On August 6, 2020, Richard Ford, Jr. kidnapped, assaulted, and later killed **MELISSA BANDA**.

Plaintiff would show that **CITY OF MCALLEN POLICE DEPARTMENT** had a policy or custom of treating domestic violence cases involving women and/or Hispanic women

---

[2]*See Shipp v. McMahon*, 234 F.3d 907, 914 (5th Cir. 2000) (adopting *Watson's* approach and recognizing gender-based Equal Protection claim based on law enforcement policies, practices, and customs toward domestic assault and abuse cases); *also see Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

less seriously than other types of assault cases and that such policy or custom was well known to officers within the department. **MELISSA BANDA**'s own experience with **CITY OF MCALLEN POLICE DEPARTMENT** is evidence of deliberate indifference on the part of **CITY OF MCALLEN POLICE DEPARTMENT** to her complaints and of **CITY OF MCALLEN POLICE DEPARTMENT**'s duty to protect her and evidence a pattern of treating domestic assault cases involving women and/or Hispanic women less seriously than other classes of assaults. Plaintiff would further show that **CITY OF MCALLEN POLICE DEPARTMENT**'s officers have acted in conformance with the unconstitutional policy or custom. Discrimination was a motivating factor for **CITY OF MCALLEN POLICE DEPARTMENT** and **MELISSA BANDA** was injured by operation of the policy or custom.

Plaintiff seeks compensatory damages and a reasonable attorney's fee as authorized by 42 U.S.C.A. § 1988.

**C.**     **Reservation of the Right to Bring Additional Claims**

Plaintiff reserves the right to bring such other and further claims as she deems necessary.

### VII. Jury Demand

Plaintiff demands a trial by jury and has tendered the appropriate fee.

### VIII. Prayer

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff **CYNTHIA BANDA, AS REPRESENTATIVE OF THE ESTATE OF MELISSA BANDA** prays that Defendant **CITY OF MCALLEN, TEXAS** be cited to appear and answer herein, and that on final trial, Plaintiff has the following:

1.     Judgment against Defendant for a sum in excess of the minimum

jurisdictional limits of this Court;

2.      Compensatory damages;

3.      Attorney's fees as authorized by 42 U.S.C.A. § 1988;

4.      the Court award Plaintiff all costs of suit;

5.      the Court award any pre-judgment and post-judgment interest as provided by law; and

6.      the Court award any and all other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

DALE & KLEIN, L.L.P.
1100 E. Jasmine, Ste. 202
McAllen, Texas 78501
Telephone No. 956.687.8700
Facsimile No. 956. 687.2416
office@daleklein.com

/s/ *Katie P. Klein*
KATIE P. KLEIN
State Bar No. 11561900
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
***Attorneys for Plaintiff***

## **Certificate of Service**

I certify that a true and correct copy of the foregoing instrument has been served on all counsel of record by notice of electronic filing on October 3, 2023, to wit:

Austin Wade Stevenson
Assistant City Attorney
City of McAllen
P.O. Box 220
McAllen, Texas 78505
astevenson@mcallen.net

*/s/ William D. Mount, Jr.*
WILLIAM D. MOUNT, JR.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Katie Klein on behalf of William Mount
Bar No. 14602950
office@dklawllp.com
Envelope ID: 80199606
Filing Code Description: Amended Filing
Filing Description: Plaintiff's Third Amended Petition
Status as of 10/3/2023 1:55 PM CST

Associated Case Party: CYNTHIA BANDA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| KATIE P.KLEIN | | OFFICE@DALEKLEIN.COM | 10/3/2023 1:49:46 PM | SENT |

Associated Case Party: City of McAllen, Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alma Villarreal | | alma_villarreal@mcallen.net | 10/3/2023 1:49:46 PM | SENT |
| Isaac Tawil | | itawil@mcallen.net | 10/3/2023 1:49:46 PM | SENT |
| Austin Stevenson | | astevenson@mcallen.net | 10/3/2023 1:49:46 PM | SENT |
| Benito Alonzo | | BAlonzo@mcallen.net | 10/3/2023 1:49:46 PM | SENT |
| Ana Fernandez | | AFernandez@mcallen.net | 10/3/2023 1:49:46 PM | SENT |