Case 7:23-cv-00341 Document 14 Filed on 12/01/23 in TXSD Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
December 01, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| Cynthia Banda, as Representative Of the Estate of Melissa Banda, *Plaintiff,* | § § § § | |
| v. | § § | Civil Action M-23-341 |
| City of McAllen, Texas *Defendant.* | § § § | |

### MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 2. Pending before the court is Plaintiffs' Motion to Remand, ECF No. 6. The court recommends that the motion be **DENIED**.

### *1. Factual and Procedural Background*

Cynthia Banda filed suit in state court on August 5, 2022, as representative of the estate of Melissa Banda, and as next friend of Elizabeth Ford, Kimberly Ford, and Richard Ford, III. ECF No. 1-3. According to the Original Petition, on November 7, 2019, Melissa Banda (Banda) filed for divorce from Richard Ford, Jr. (Ford). *Id.* at 5. She also obtained a temporary restraining order against Ford. *Id.* On November 21, 2019, Banda called the McAllen Police Department (MPD) seeking protection from Ford who was on his way to Banda's house. *Id.* On February 28, 2020, Ford choked Banda and threatened future harm to Banda and her children. *Id.* at 5–6. Banda reported the incident to MPD, MPD arrested Ford the next day, and Ford was released from custody the following day—March 1, 2020. *Id.* at 6. In February and March 2020, Banda obtained two protective orders against Ford. *Id.*

Banda and Ford's divorce was finalized on April 7, 2020. ECF No. 1-3 at 6. Ford filed an opposed motion to modify the divorce decree, a hearing on which was set for August 6, 2020. *Id.* A MPD incident report shows that Ford violated the protective order on April 18, 2020. Banda called MPD several other times in July and August 2020 to report that Ford was stalking and harassing her. Finally, on August 6, 2020, after the court hearing, Ford kidnapped, assaulted and murdered Banda. *Id.* at 7.

Plaintiff pleaded in the Original Petition state law causes of action for wrongful death, a survival action, and a claim under the Texas Tort Claims Act (TTCA). ECF No. 1-3 at 9–10. The City of McAllen (City) filed its Special Exceptions and Answer to Plaintiff's Original Petition on August 30, 2022. ECF No. 1-6. Among other things, the City claimed that it was immune from suit. *Id.* at 3–6.

Plaintiff filed her First Amended Petition on March 28, 2023, adding various facts, including those pertaining to tolling of the statute of limitations. ECF No. 1-24. Plaintiff removed the survivor action, non-suited the minor children, and again pleaded a cause of action under the TTCA. *Id.* at 8–9. On April 14, 2023, the City filed its Plea to the Jurisdiction directed at the First Amended Petition. ECF No. 1-25. The City argued that it was immune from suit under the TTCA. *Id.* The court set a hearing on the City's Plea to the Jurisdiction to be held on September 28, 2023 at 9:00 a.m. ECF No. 1-32. Twenty-nine minutes before the hearing was to begin, Plaintiff filed her Second Amended Petition. ECF No. 1-33. In the Second Amended Petition, Plaintiff added back the survival claim, omitted the TTCA claims, and alleged for the first time a federal claim under 42 U.S.C. § 1983. *Id.* at 8–9.

At the hearing on the Plea to the Jurisdiction, the City first argued that, despite the filing of the Second Amended Petition, the court should decide whether the City was immune from suit. ECF

No. 10-3 at 5. In response, Plaintiff's counsel explained that he had non-suited his state claims and was proceeding only on the federal claim. *Id.* at 6. He further stated that immunity was no longer an issue because the TTCA claims were out of the case and thus the plea to the jurisdiction was moot. *Id.* at 6–7. In light of that clarification, counsel for the City stated "if it's a 1983 case solely then we'll just file a removal and take it to federal court and allege that the statute of limitations has run." *Id.* at 7. The lawyers and the court then went on to discuss the notion that the survivor claim was not a separate claim but was derivative of the federal cause of action. *Id.* at 8–9. The court concluded that the Plea to the Jurisdiction did not apply to the live pleading and was moot. *Id.* at 9. The state district judge specifically stated that he was mooting the plea to the jurisdiction "without prejudice to re-filing a plea or removal." *Id.* At no point during the hearing did anyone mention that the City might have waived its right to remove the case; and the court's reading of the transcript indicates that all involved fully expected the case would be removed to federal court.

On October 5, 2023, the City removed the case to federal court on the basis of federal question jurisdiction. ECF No. 1. On November 6, 2023, Plaintiff moved to remand the case to state court. ECF No. 6. Plaintiff does not argue that this court lacks subject matter jurisdiction. Her sole argument is that the City waived its right to proceed in federal court when it argued at the beginning of the hearing on the Plea to the Jurisdiction that it was immune from suit under the TTCA.

### 2. *Analysis*

A defendant may remove a civil action from state court if the federal courts would have had original jurisdiction had the action been filed in federal court. 28 U.S.C. § 1441(a); *In re Deepwater Horizon*, 745 F.3d 157, 162 (5th Cir. 2014). The defendant "has the burden of proving by a preponderance of the evidence that subject

3

matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). "[O]perative facts and pleadings are evaluated at the time of removal." *In re Deepwater Horizon*, 745 F.3d at 163. Federal district courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

A defendant may waive the right to remove a case to federal court by continuing to invoke the processes of the state court after becoming aware that the case is removable. *Brown v. Demco*, 792 F.2d 478, 481 (5th Cir. 1986). "The waiver must be clear and indicate a specific, positive intent to proceed in state court." *Jacko v. Thorn Americas, Inc.*, 121 F. Supp. 2d 574, 576 (E.D. Tex. 2000). In determining whether such a specific, positive intent exists, courts consider: (1) whether actions taken by the defendant in state court were for the purpose of preserving the status quo, or did they show an intent to litigate the merits of the claim; and (2) whether the removal can be characterized as an appeal from an adverse judgment of the state court. *Id.*

The court has federal question jurisdiction. Plaintiff is proceeding solely on a federal claim under 42 U.S.C. § 1983. The only question is whether the City's counsel's statements at the hearing on the Plea to the Jurisdiction constituted a waiver. They did not.

First, the City never sought an adjudication on the merits, and the city did not seek to avail itself of the state court's jurisdiction. To the contrary, the City sought a ruling that it was immune from suit. Moreover, once he understood that the Second Amended Petition, filed twenty-nine minutes before the hearing, had non-suited all claims under the TTCA, the City's counsel announced his intention to remove the suit to federal court. Finally, there never was any ruling on the Plea to the Jurisdiction

from which this case could be considered an appeal. The state court judge denied the plea as moot and allowed the City to either file a new plea or remove the case. The City did not indicate a specific, positive intent to proceed in state court. Other federal courts in Texas would agree. *See Suter v. Univ. of Tex. at San Antonio*, No. SA-10-CA-692-OG, 2010 WL 4690717, at *1 (W.D. Tex. Nov. 1, 2010) (finding that the filing of a plea to the jurisdiction was not a decision to litigate the merits of plaintiff's claims in state court); *Heilman v. Jefferson Cnty.*, No. 1-14-CV-264, 2014 WL 12647754, at *1 (E.D. Tex. July 9, 2014) (concluding that arguing the merits of a plea to the jurisdiction in state court was not a waiver of the right to remove the case to federal court).

### *3. Conclusion*

Because this court has subject matter jurisdiction and because the City did not waive its right to remove the case to this court, the court recommends that Plaintiff's Motion to Remand, ECF No. 6, be **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on December 1, 2023.

Peter Bray
United States Magistrate Judge