United States District Court
Southern District of Texas
**ENTERED**
December 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| Cynthia Banda, as Representative Of the Estate of Melissa Banda, *Plaintiff*, | § § § § | |
| v. | § § | Civil Action M-23-341 |
| City of McAllen, Texas *Defendant*. | § § § | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 2. Pending before the court is Defendant City of McAllen's Motion to Dismiss. ECF No. 4. The court recommends that the motion be **DENIED**.

### 1. *Factual and Procedural Background*

Cynthia Banda filed suit in state court on August 5, 2022, as representative of the estate of Melissa Banda, and as next friend of Elizabeth Ford, Kimberly Ford, and Richard Ford, III. ECF No. 1-3. According to the Original Petition, on November 7, 2019, Melissa Banda (Banda) filed for divorce from Richard Ford, Jr. (Ford). *Id.* at 5. She also obtained a temporary restraining order against Ford. *Id.* On November 21, 2019, Banda called the McAllen Police Department (MPD) seeking protection from Ford who was on his way to Banda's house. *Id.* On February 28, 2020, Ford choked Banda and threatened future harm to Banda and her children. *Id.* at 5–6. Banda reported the incident to MPD; MPD arrested Ford the next day; and Ford was released from custody the following day—March 1, 2020. *Id.* at 6. In February and March 2020, Banda obtained two protective orders against Ford. *Id.*

Banda and Ford's divorce was finalized on April 7, 2020. ECF No. 1-3 at 6. Ford filed an opposed motion to modify the divorce decree, a hearing on which was set for August 6, 2020. *Id.* A MPD incident report shows that Ford violated the protective order on April 18, 2020. *See id.* Banda called MPD several other times in July and August 2020 to report that Ford was stalking and harassing her. *Id.* at 7. Finally, on August 6, 2020, after the court hearing, Ford kidnapped, assaulted, and murdered Banda. *Id.* at 6, 8.

In her August 5, 2022 Original Petition, on the basis of the above-recited facts, Banda pleaded state law causes of action for wrongful death, a survival action, and a claim under the Texas Tort Claims Act (TTCA). ECF No. 1-3 at 8–11. Plaintiff filed her First Amended Petition on March 28, 2023, by which she removed the survivor action, non-suited the minor children, and again pleaded a cause of action under the TTCA. ECF No. 1-24. On September 28, 2023, Plaintiff filed her Second Amended Petition in state court. ECF No. 1-33. The Second Amended Petition recites virtually the same facts as were recited in the Original Petition. *Compare* ECF No. 1-3 *with* ECF No. 1-33. In the Second Amended Petition, Plaintiff added back the survival claim, omitted the TTCA claims, and alleged for the first time a federal claim under 42 U.S.C. § 1983. *See* ECF No. 1-33. at 7–9.[1]

On October 5, 2023, the City removed the case to federal court on the basis of federal question jurisdiction. ECF No. 1. On October 25, 2023, the City moved to dismiss the case both for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. ECF No. 4. The City argues, despite

---

[1] Plaintiff also filed a Third and Fourth Amended Petition, ECF Nos. 1-34, 1-35. The factual basis for both petitions is materially the same as that which is set forth in the Second Amended Petition. *Compare* ECF No. 1-33 *with* ECF Nos. 1-34, 1-35.

having removed the case to federal court, that this court lacks subject matter jurisdiction. *See id.* The City further argues that Plaintiff's claim under 42 U.S.C. § 1983 is barred by the statute of limitations. *See id.* Finally, the City argues that, if the 1983 claim is not barred by limitations, that Plaintiff has failed to allege facts sufficient to hold the City liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). *See id.* Plaintiff responds that her federal claim relates back to her Original Petition because it is a different cause of action based on the originally pleaded facts. *See* ECF No. 9. Plaintiff also maintains that the facts set forth in the latest-filed state court petition are sufficient to support a claim under *Monell* but also seeks in the alternative leave to amend. *See id.*

The court has subject matter jurisdiction. Plaintiff's federal claim is not barred by limitations. The court will permit Plaintiff to amend her Complaint before ruling on whether she has stated a claim under *Monell*. Accordingly, the court recommends that the motion to dismiss, ECF No. 4, be **DENIED**.

## 2. *Analysis*

### A. Subject Matter Jurisdiction

This court has jurisdiction in cases that "aris[e] under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The court will apply the "well-pleaded complaint" rule in evaluating jurisdiction. That is, "[a] federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (citation and internal quotation marks omitted).

3

"In federal question cases . . . 'where the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions . . . must entertain the suit.'" *Southpark Square Ltd v. City of Jackson*, 565 F.2d 338, 341 (5th Cir. 1977) (quoting *Bell v. Hood*, 327 U.S. 678, 681–82 (1946)). The two exceptions are where the federal question "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* (quoting *Bell*, 327 U.S. at 681–82). But the "jurisdictional issue here is entirely separate from the question[] whether the complaint states a claim on which relief can be granted." *Id.* at 343 n.7. "Although a federal question substantial enough to confer jurisdiction but not substantial enough to state a cause of action is difficult to conceive, the doctrine is well established." *Id.* (citing *Wheeldin v. Wheeler*, 373 U.S. 647 (1963)).

The City removed the case to this court because it involves a federal question under 42 U.S.C. § 1983. ECF No. 1 at 2–3. That is the central claim raised and it is not raised for the sole purpose of obtaining this court's jurisdiction. The City's arguments about the statute of limitations are properly viewed as attacking the viability of Plaintiff's claims, not this court's jurisdiction. The court has subject matter jurisdiction.

### B. Failure to State a Claim

The City makes two arguments in support of its motion to dismiss for failure to state a claim. First, the City argues that the *Monell* claim is barred by the statute of limitations. Second, the City argues that Plaintiff has failed to allege sufficient facts to show municipal liability under *Monell*.

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To

survive a motion to dismiss, the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations. *Twombly*, 550 U.S. at 556. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Id.*

The court also may dismiss a complaint "under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred [by limitations] and the pleadings fail to raise some basis for tolling or the like." *Salas v. City of Galena Park*, Nos. 21-20170, 21-20333, 2022 WL 1487024, at *8 (5th Cir. May 11, 2022) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).

The court addresses first the statute of limitations argument. Because federal law does not provide a limitations period for Section 1983 claims, "courts look to the statute of limitations for personal injury actions of the forum state," which in Texas is two years. *Salas*, 2022 WL 1487024, at *8 (citing *Whitt v. Stephens Cnty.*, 529 F.3d 278, 282 (5th Cir. 2008)). Under federal law, which determines when the limitations period begins to run, the accrual date is when the plaintiff has: (1) knowledge of an injury—as opposed to knowledge of a legal claim; and (2) knowledge of the person who inflicted the injury. *Id.* Under Texas law, the limitations period includes the day of accrual. *Id.* The parties do not argue about the date of accrual. The court concludes that the claim accrued when Melissa Banda died—

August 6, 2020. *Cf. id.* The limitations period thus ended on August 6, 2022.

Plaintiff filed her Original Petition on August 5, 2022—before the limitations period expired. ECF No. 1-3. The problem is that she did not bring the *federal claim* until she filed her Second Amended Petition, ECF No. 1-33, on September 28, 2023—well outside the limitations period. Plaintiff argues that her Second Amended Petition relates back to the filing date of the Original Petition and is thus timely. The court agrees.

Because the Second Amended Petition was filed in state court before removal, the relation back rule found in Texas Civil Practice and Remedies Code § 16.068 applies. *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 947 (5th Cir. 2014). Under section 16.068, a later filed pleading that changes the grounds of liability relates back to an earlier filed pleading "unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence." The only exception to that rule is that the amendment cannot relate back to an earlier pleading that was itself "subject to a plea of limitation" when it was filed. TCPRC § 16.068; *Taylor*, 744 F.3d at 946.

The Second Amended Petition is based on precisely the same transaction and occurrence that was alleged in the Original Petition. Therefore, the Second Amended Petition relates back to the date of the Original Petition and is timely.

The City cites *Quinn v. Guerrero*, 863 F.3d 353 (5th Cir. 2017), and argues that the relation back rule does not apply when the plaintiff purposefully omits the federal claim until the statute of limitations has expired. ECF No. 4 at 12. *Quinn* does include some language that might be read as the City reads it. *See Quinn*, 863 F.3d at 363. For example, "The pleading error was failing to allege a federal cause of action until it was too late," and "relation back is designed to ameliorate certain kinds of mistakes, but

6

Quinn made a tactical choice to omit his federal claims until" the limitations period had run. *Id.* But examination of the district court opinion that the circuit affirmed shows that the facts of *Quinn* are completely different from those of this case.

The magistrate judge, in his Report and Recommendation, explained that the state court had dismissed with prejudice all claims against the individual defendants under the election of remedies rule set forth in Texas Civil Practice and Remedies Code § 101.106(e). *See Quinn v. Guerrero*, No. 4:09CV166, 2016 WL 4529958, at *5–*7 (E.D. Tex. Aug. 4, 2016), *adopted by* 2016 WL 4508227 (E.D. Tex. Aug. 26, 2016), *aff'd* 863 F.3d 353 (5th Cir 2017). The effect of that dismissal on the relation back rule was key to the result in the case. The magistrate judge explained that when a defendant is dismissed with prejudice it is the equivalent of the suit against that defendant never having been filed. *Id.* at *6. Thus, relation back cannot save a later filed pleading because it is as if that earlier pleading had never been filed. *Id.* In that light, the Court of Appeals' statements about the plaintiff's tactical choices make perfect sense. The case does not stand for the proposition that a plaintiff can never avail itself of the relation back rule by choosing to wait to file a new claim until after the statute of limitations has run.

The City also argues that Plaintiff has failed to allege sufficient facts to support a *Monell* claim. Plaintiff argues the merits of her claim but then seeks, in the alternative, leave to amend. While Plaintiff has filed multiple petitions in state court, she has not yet amended her petition in federal court. Federal Rule of Civil Procedure 15(a)(2) requires that leave to amend at this stage be freely given. Moreover, it would be a massive waste of judicial resources for the court to evaluate the current pleadings only to learn that Plaintiff has other facts at her disposal. The court will grant leave. That being said, the court is mindful of the

number of times that Plaintiff has amended her petition. Plaintiff shall set forth all of the relevant facts that she believes support her *Monell* claim. She should address all the deficiencies that have been identified in the City's motion to dismiss.

### 3. Conclusion

The court has subject matter jurisdiction and Plaintiff's 1983 claim is not barred by limitations. Plaintiff's alternative motion for leave to amend is **GRANTED**. Accordingly, the court recommends that the City's Motion to Dismiss, ECF No. 4, be **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on December 5, 2023.

_____
Peter Bray
United States Magistrate Judge